1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT BENYAMINI,                            No.  2:13-cv-735-KJM-EFB P

11                    Plaintiff,

12          v.                                    ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13   M. SWETT, et al.,

14                    Defendants.

15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court is defendants' motion for an order declaring

18   plaintiff a vexatious litigant and requiring him to post security of $9,350 before he may proceed

19   with this action.  ECF No. 22.  Defendants also ask the court to impose a pre-filing order

20   prohibiting plaintiff from filing any new litigation without first obtaining leave of court.  *Id.*  For

21   the reasons stated below, the motion must be denied.

22      **I.  Background**

23          Plaintiff filed this action on April 15, 2013.  ECF No. 1.  He alleges that, on May 6, 2009,

24   defendant correctional officers subjected him to excessive force in violation of the Constitution

25   when they forcefully removed him from his cell, restrained his hands and feet, and injected him

26   with a psychiatric medication that had been ordered but to which plaintiff was allergic.  *Id.* at 11-

27   12.  Plaintiff alleges that defendant Roth orchestrated the cell extraction.  *Id.* at 12.  Some of the

28   defendants slammed plaintiff down and banged his cranium against the concrete floor.  *Id.*

                                                 1

1    Defendant Swett stomped hard on plaintiff's bare feet with his boot.  *Id.*  Defendant Miranda

2    stepped on plaintiff's neck.  *Id.*  Defendant Carpenter banged plaintiff's head.  *Id.*  Defendant

3    Perry observed, but did nothing.  *Id.*

4           The court concluded that, for the purposes of screening under 28 U.S.C. § 1915A, plaintiff

5    had stated a cognizable Eighth Amendment claim against all defendants.  ECF No. 8.  In the same

6    order, the court granted plaintiff leave to proceed *in forma pauperis*.  *Id.*  Defendants responded

7    to the complaint by filing the instant motion. [1]

8        **II. Analysis**

9           In the pending motion, defendants ask the court to declare plaintiff a vexatious litigant and

10   accordingly: (1) require plaintiff to post a security of nearly $10,000 before the suit can continue

11   and (2) issue a pre-filing order prohibiting plaintiff from filing any new cases without leave of the

12   court.  ECF No. 22-1 at 7.  These requests must be analyzed under two separate legal schemes.

13   While both schemes use the term "vexatious litigant," that term is defined differently by each.

14   Whether plaintiff is a vexatious litigant who may be required to post a security before the case

15   continues is governed by California law as adopted by this court's local rules.  Whether plaintiff

16   is a vexatious litigant to whom a pre-filing order may issue is governed by federal law.

17        **A.  <u>California's Vexatious Litigant Law and the Requirement of a Security</u>**

18        Under Eastern District of California Local Rule 151(b),

19        [T]he Court may at any time order a party to give a security, bond, or undertaking
          in such amount as the Court may determine to be appropriate.  The provisions of
20        Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious
          litigants, are hereby adopted as a procedural Rule of this Court on the basis of
21        which the Court may order the giving of a security, bond, or undertaking,
          although the power of the Court shall not be limited thereby.
22

23   California Code of Civil Procedure, part 2, Title 3A is entitled "Vexatious Litigants" and includes

24   the following provision:

25   /////

26   ───────────────
          [1] Plaintiff initially failed to file an opposition to the motion and an Order to Show Cause
27   was issued.  Defendants request that plaintiff be sanctioned because he responded to the Order to
     Show Cause by simply filing his opposition without addressing whether he should be sanctioned.
28   That request is denied and the Order to Show Cause is discharged.

1
2
3
4

> In any litigation pending . . ., at any time until final judgment is entered, a
> defendant may move the court, upon notice and hearing, for an order requiring the
> plaintiff to furnish security . . . .  The motion for an order requiring the plaintiff to
> furnish security shall be based upon the ground, and supported by a showing, that
> the plaintiff is a vexatious litigant and that there is not a reasonable probability
> that he or she will prevail in the litigation against the moving defendant.

5
6
7
8
9
10
11
12
13
14

Cal. Civ. Proc. Code § 391.1.  As is relevant to this motion, California law defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in a small claims court that have been finally determined adversely to the person.  *Id.* § 391(b)(1).  To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence, "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant."  *Id.* § 391.3(a).  Thus, to issue the order requested by defendants, this court must find that: (1) plaintiff has filed five litigations in the past seven years that have been finally determined adversely to plaintiff and (2) there is no reasonable probability that plaintiff will succeed on his Eighth Amendment claim against any defendant.

15

**1.  <u>Plaintiff's Litigation History</u>**

16
17
18

Defendants have identified seventeen cases filed by plaintiff in the past seven years, which they argue have been finally determined adversely to plaintiff and thus make him a vexatious litigant under California law.[2]  These cases are[3]:

19
20
21
22
23
24

(1)   *Benyamini v. Johnson* (9th Cir. Case No. 11-16971).  In this appeal of E.D. Cal.
Case No. 1:07-cv-00907-LJO-DLB, *see* No. (2) below, the Court of Appeals found
that plaintiff was not entitled to proceed *in forma pauperis* because the appeal was
frivolous.  ECF No. 22-11 at 2-3.  When plaintiff failed to pay the filing fee and show
cause why the district court's judgment should not be summarily affirmed, the Court
of Appeals dismissed the appeal for failure to prosecute.  *Id.* at 4.

25
26

[2] Defendants have not moved to revoke plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" rule, on the basis of these prior cases.

27
28

[3] The court takes judicial notice of the records in these actions under Federal Rule of Evidence 201(b)(2).  ECF No. 22-11.

(2)   *Benyamini v. Simpson* (E.D. Cal. Case No. 1:07-cv-00907-LJO-DLB).  In this proceeding (the action appealed in the above Ninth Circuit case), the district court ordered plaintiff to submit documents for forwarding to the U.S. Marshal to serve defendants.  E.D. Cal. Case No. 1:07-cv-00907-LJO, ECF Nos. 21, 25, 27, 30, 32.  Plaintiff failed to do so after having been granted several extensions of time.  *Id.*, ECF No. 36.  Accordingly, the action was dismissed for failure to obey a court order.  *Id.*, ECF No. 37.  Plaintiff thereafter unsuccessfully sought reconsideration of the dismissal order and filed the appeal discussed in the preceding paragraph.  ECF No. 22-11 at 6.

(3)   *Benyamini v. Simpson* (E.D. Cal. Case No. 2:08-cv-01552-GEB-DAD).  Defendants moved to dismiss this civil rights action for failure to state a cognizable claim.  ECF No. 22-11 at 8.  The court agreed and the action was dismissed.  *Id.* at 8-14.

(4)   *Benyamini v. Anderson* (E.D. Cal. Case No. 1:07-cv-01596-OWW-GSA).  The district court dismissed plaintiff's complaint in this action in performing its screening function under 28 U.S.C. § 1915A for failing to state a cognizable claim, but gave plaintiff leave to amend his complaint.  ECF No. 22-11 at 16-20.  Plaintiff did not file an amended complaint, and the case was accordingly dismissed for failure to state a claim.  *Id.* at 21-22.

(5)   *Benyamini v. Manjuano* (E.D. Cal. Case No. 1:07-01697-AWI-GSA).  The district court dismissed this action because the claims were the same as those raised in another case plaintiff had filed (E.D. Cal. Case No. 1:06-cv-01096-AWI-GSA, which remains pending).

(6)   *Benyamini v. Rivers* (E.D. Cal. Case No. 2:09-cv-00075-JAM-KJM).  This action was dismissed with leave to amend on screening for failure to state a cognizable claim.  E.D. Cal. Case No. 2:09-cv-00075-JAM-KJM, ECF No. 11.  When plaintiff did not amend his complaint, the case was dismissed for failure to comply with the court's screening order.  ECF No. 22-11 at 26-29.

/////

4

(7)   *Benyamini v. Kretch* (E.D. Cal. Case No. 2:09-cv-00170- GEB-DAD).  This action was also dismissed with leave to amend on screening for failure to state a cognizable claim.  ECF No. 22-11 at 31-36.  Plaintiff again did not amend his complaint, and the case was dismissed for failure to comply with the court's screening order.  *Id.* at 37-40.

(8)   *Benyamini v. Sharp* (E.D. Cal. Case No. 2:09-cv-00173- FCD-EFB).  In screening this case, the court found that plaintiff had stated a cognizable claim against one defendant.  ECF No. 22-11 at 42.  The court gave plaintiff 20 days to submit materials for service of process on that defendant or, alternatively, 30 days to file an amended complaint to attempt to state cognizable claims against the other defendants.  *Id.* Plaintiff did not do either.  *Id.*  Accordingly, the action was dismissed for failure to prosecute.  *Id.* at 42-46.

(9)   *Benyamini v. Harris* (E.D. Cal. Case No. 2:09-cv-02462-MCE-DAD).  Plaintiff again failed to submit documents for service on defendants, and the case was dismissed for failure to prosecute.  ECF No. 22-11 at 48-51.

(10)   *Benyamini v. Mayfield* (E.D. Cal. Case No. 2:11-cv-00659-WBS-KJN).  In this action, the court ordered plaintiff to submit a completed *in forma pauperis* application or the filing fee.  ECF No. 22-11 at 53.  Plaintiff did neither and the case was accordingly dismissed.  *Id.* at 53-56.

(11)   *Benyamini v. Forsthy* (9th Cir. Case No. 12-16402).  In this case, the Court of Appeals concluded that "the questions raised in this appeal are so insubstantial as to not require further argument" and summarily affirmed the district court's judgment in E.D. Cal. Case No. 2:09-cv-02323-GEB.  ECF No. 22-11 at 58-59 (which had been dismissed after plaintiff failed to provide service documents).

(12)   *Benyamini v. Byrd* (9th Cir. Case No. 11-17218).  Here the appellate court concluded that plaintiff could not proceed *in forma pauperis* because the appeal was frivolous and because plaintiff qualified as a "three striker" under 28 U.S.C. § 1915(g) and had not alleged any imminent danger of serious bodily injury.  ECF No. 22-11 at

61-62.  (This was an interlocutory appeal in the underlying district court case, E.D. Cal. Case No. 10-cv-00101-KJM-GGH, in which an unserved defendant was dismissed after plaintiff failed to timely effect service and plaintiff's *in forma pauperis* status had been revoked under the three strikes rule.  The case remains pending.)  When plaintiff failed to pay the fee, the appeal was dismissed.  *Id.* at 63.

(13)    *Benyamini v. Forsythe* (9th Cir. Case No. 11-16838).  In this appeal of E.D. Cal. Case No. 2:09-cv-02453-FCD-EFB, the Ninth Circuit affirmed the dismissal of the case for failure to prosecute, after plaintiff had failed to effect service of process on the defendants or file an amended complaint.  ECF No. 22-11 at 66-68.

(14)    *Benyamini v. Colvin* (E.D. Cal. Case No. 2:12-00316-JAM-EFB).  This action was dismissed for failure to prosecute after plaintiff failed to either submit service documents for the defendant against whom he had stated a cognizable claim or file an amended complaint.  ECF No. 22-11 at 70-73.

(15)    *Benyamini v. Mendoza* (9th Cir. Case No. 12-16341).  In this appeal of E.D. Cal. Case No. 2:09-cv-02602-LKK-GGH, the Ninth Circuit found that plaintiff could not proceed *in forma pauperis* because the appeal was frivolous.  ECF No. 22-11 at 75.  (In the underlying case, plaintiff's *in forma pauperis* status had been revoked under the three strikes rule, and the case had been dismissed after plaintiff failed to pay the fee.  E.D. Cal. Case No. 2:09-cv-02602-LKK-GGH, ECF Nos. 106, 119, 124.)  The court ordered that, to proceed, plaintiff would have to pay the fee and show cause why the underlying judgment should not be summarily affirmed.  ECF No. 22-11 at 75-76.  Plaintiff failed to pay the filing fee or otherwise respond to the order, and the appeal was consequently dismissed.  *Id.* at 75-77.

(16)    *Benyamini v. Sahoota* (9th Cir. Case No. 12-16863).  In this appeal of E.D. Cal. Case No. 2:11-cv-02916-GEB-EFB, the Ninth Circuit concluded that the appeal was not appropriate for summary disposition, but affirmed this court's dismissal of plaintiff's case after the court screened plaintiff's case and ordered plaintiff to file an amended complaint, which he failed to do.  ECF No. 22-11 at 79; E.D. Cal. Case No.

1    2:11-cv-02916-GEB-EFB, ECF No. 25.

2         (17)    *In re: Robert Benyamini* (9th Cir. Case No. 12-80209).  In the district court action

3              underlying this appeal, plaintiff was determined to be subject to the three strikes rule

4              and ordered to pay the filing fee.  E.D. Cal. Case No. 2:12-cv-03008-WBS-KJN, ECF

5              Nos. 13, 15.  The Ninth Circuit found plaintiff's appeal of that ruling "so insubstantial

6              as to not warrant further review" and dismissed the appeal.  ECF No. 22-11 at 82.

7         Plaintiff does not dispute that these cases were finally determined adversely to him, and it

8    is clear that plaintiff has litigated at least five cases in the preceding seven years that were

9    determined adversely to him.  *See Scott v. Palmer*, No. 1:09-cv-01329-LJO-SKO PC, 2012 U.S.

10   Dist. LEXIS 164364, at *23-24 (E.D. Cal. Nov. 16, 2012) (dismissals for failure to prosecute

11   constitute adverse determinations under the California vexatious litigant statute).  However, to

12   require plaintiff to post a security, the court must also find that plaintiff does not have a

13   reasonable chance of prevailing in this action.  Cal. Civ. Proc. Code § 391.3.  That determination

14   is more problematic.

15                    2.  **Plaintiff's Chances of Prevailing in this Action**

16        Plaintiff claims that defendants subjected him to unlawful excessive force.  To determine

17   whether plaintiff has a reasonable probability of prevailing on this claim, the court is required to

18   weigh the evidence and does not assume the truth of plaintiff's allegations.  *Moran v. Murtaugh*

19   *Miller Meyer & Nelson, LLP*, 40 Cal. 4th 780, 784-85 (2007); *Golin v. Allenby*, 190 Cal. App. 4th

20   616, 635 (2010).  Nonetheless, it is axiomatic that where credibility of witness is material to the

21   outcome, credibility is not ordinarily determined on paper.  Here, defendants submit several

22   declarations and a video recording.  The court will consider that evidence in light of these

23   principles and the governing standards for an Eighth Amendment claim.  Further, this court's

24   consideration of the California vexatious litigant procedure is tempered and necessarily informed

25   by federal principles that such orders can impinge upon a litigant's due process rights and should

26   rarely be used.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *De*

27   *Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

28   /////

7

1        The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments

2   Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  When prison

3   officials stand accused of using excessive force in violation of the Eighth Amendment, the core

4   judicial inquiry is whether force was applied in a good-faith effort to maintain or restore

5   discipline, or maliciously and sadistically for the very purpose of causing harm.  *Id.* at 6-7.  In

6   determining whether the use of force was for the purpose of maintaining or restoring discipline,

7   or for the malicious and sadistic purpose of causing harm, a court may evaluate: (1) the need for

8   application of force, (2) the relationship between that need and the amount of force used, (3) the

9   extent of any injury inflicted, (4) the threat reasonably perceived by the responsible officials, and

10  (5) any efforts made to temper the severity of a forceful response.  *Id.* at 7.  The extent of injury

11  suffered is but one factor to consider in determining whether the force used was excessive under

12  the Eighth Amendment and is not alone dispositive.  *Id.*  The malicious and sadistic use of force

13  to cause harm always violates contemporary standards of decency, regardless of whether or not

14  significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002)

15  (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis

16  injuries).

17       Defendants have submitted declarations from all defendants as well as a video of the cell

18  extraction in support of their argument that they used only the necessary force to inject plaintiff

19  with his court-ordered medication after plaintiff repeatedly refused to comply with verbal orders.

20  The defense declarations paint the following picture of the cell extraction.

21       At 7:00 a.m. on May 6, 2009, defendant Carpenter approached plaintiff's cell and ordered

22  him to submit to handcuffs so that he could be given his court-ordered medication, but plaintiff

23  refused.  ECF No. 22-4 at 1.  Defendant Carpenter told defendant Perry of plaintiff's refusal.  *Id.*

24  Defendant Perry went to plaintiff's cell and gave him several direct orders to submit to handcuffs

25  to take his medication, but plaintiff again refused.  ECF No. 22-5 at 2.  Defendant Perry told

26  defendant Roth of plaintiff's refusal, and defendant Roth went to plaintiff's cell and tried to

27  convince him to take his medication, but plaintiff refused to submit to handcuffs.  *Id.* at 3; ECF

28  /////

8

1 No. 22-6 at 2. Defendant Roth told Caption Shannon of the situation, and Shannon also tried to

2 convince plaintiff to exit his cell, but plaintiff still refused. ECF No. 22-6 at 2.

3        A cell-extraction team was then assembled for the purpose of removing plaintiff from his

4 cell and administrating the court-ordered medicine. ECF Nos. 22-2 at 1-2. The team was

5 assembled inside a conference room. *Id.* at 2. Correctional Officer Drake served as

6 videographer. *Id.* Each member of the cell extraction team introduced himself and explained his

7 role to the camera: defendant Roth was incident commander, defendant Perry was team leader,

8 defendant Miranda was "shield," Officer Neves was in charge of handcuffs, defendant Carpenter

9 was in charge of leg restraints, Officer Johnson was scribe, and defendant Swett was "baton." *Id.*

10 Licensed Vocational Nurse (LVN) Bergado also participated. *Id.* Correctional Captain S.

11 Shannon was also present and verbally authorized the tactical use of force on plaintiff for refusing

12 his court-ordered medication. *Id.* The team, now assembled, left the conference room and went

13 to plaintiff's cell. *Id.*

14        Once there, defendants Perry and Roth ordered plaintiff to submit to handcuffs to facilitate

15 the administration of the medication. *Id.* Plaintiff complied by backing up to the cell door and

16 placing his hands out through the food tray slot. *Id.* Defendant Roth applied the handcuffs. *Id.*

17 Defendant Miranda opened the cell door, and with defendant Swett's help, "took physical control

18 of plaintiff." *Id.* Defendant Roth turned and walked away from the cell. *Id.* Defendant Miranda

19 held plaintiff's left arm and defendant Swett held plaintiff's right arm by grasping him on his

20 right triceps area with a hand. *Id.* Plaintiff was given many orders to kneel down so that

21 defendant Carpenter could apply leg restraints, but refused and began to physically resist. *Id.*

22 Defendants Miranda and Swett used their body weights and strength to maneuver plaintiff onto

23 his stomach on the floor. *Id.* Defendant Carpenter "placed a hold" on plaintiff's left leg and

24 defendant Perry did the same to his right leg to help place plaintiff on his stomach. *Id.* at 2-3.

25 When plaintiff was lying on the floor, defendant Carpenter applied leg restraints to his ankles. *Id.*

26 at 3. Defendants Miranda and Swett brought plaintiff back to his feet. *Id.* LVN Bergado stepped

27 forward and administered the medication via injection into plaintiff's arm. *Id.* He then checked

28 plaintiff for any physical injuries. *Id.*

1    Plaintiff was ordered to get to his knees and complied.  *Id.*  Defendant Carpenter removed

2    the leg restraints.  *Id.*  Defendant Swett helped plaintiff stand up.  *Id.*  The cell door was then

3    closed and secured.  *Id.*  Defendant Carpenter removed plaintiff's handcuffs through the food tray

4    slot.  *Id.*

5    All defendants aver that they did not use excessive force against plaintiff nor observe any

6    other defendant use excessive force.  Instead, each avers that the force was used in a good faith

7    effort to maintain order and not to cause harm.  ECF Nos. 22-2, -3, -4, -5, -6.

8    The court has also viewed the video of the extraction.  It shows the introductions of the

9    officers in the conference room and their short walk to plaintiff's cell.  ECF Nos. 22-8, -9

10   (declaration of custodian of records and declaration of Officer Drake, videographer).  It then

11   depicts the following.  Defendant Roth orders plaintiff through the cell door to cuff up and take

12   his medication.  Plaintiff responds that he is allergic to the medication and not homicidal or

13   suicidal.  Defendant Roth orders plaintiff to put a "spit net" on his head, and plaintiff complies.

14   Plaintiff then submits to handcuffs through the food tray slot.  An officer orders plaintiff to drop

15   to his knees.  When plaintiff does not immediately drop to his knees, the officers force him down

16   and leg irons are applied.  Plaintiff receives an injection as the camera pans down to Officer

17   Drake's watch and back up.  LVN Bergado checks plaintiff for injuries; plaintiff claims he is

18   injured in his knees, toes, back, and hands, and complains of bruises.  Officer Drake again pans to

19   his watch which reads 8:18.  Plaintiff is ordered to his knees and complies.  Plaintiff and the

20   officers exchange words, plaintiff demanding an inmate appeal form.  The bodies of the officers

21   and close range of the camera cause much of the interaction to be obscured from view.  Officer

22   Drake pans the camera down to his watch and does not pan back up for the next two minutes,

23   during which plaintiff can be heard to complain about the forced medication and his medical

24   treatment.  While the camera remains on Officer Drake's watch, plaintiff exclaims, "Why you

25   pulling my ribs?!  Let go of my ribs!"  The camera returns to plaintiff and the officers as they

26   order him down to his knees.  Plaintiff complies and exclaims "Ah!"  Again, the close range of

27   the camera and the bodies of the officers make it difficult to see plaintiff and his interaction with

28   the officers as his leg restraints are removed.  Plaintiff says his head was banged and he thinks he

1   has a concussion as he is returned to his cell.  The handcuffs are then removed through the closed

2   cell door and the video ends.

3        Defendants argue that this evidence shows that they used only the force necessary to give

4   plaintiff his court-ordered medication and to respond to plaintiff's resistive behavior, that they

5   made many efforts to temper the amount of force used, that plaintiff's injuries were minor and

6   temporary, and that defendants lacked any intent to cause plaintiff harm.

7        Other than his account of the extraction in his complaint and opposition brief, plaintiff has

8   submitted no evidence in opposition to the motion.  This is not surprising, as the case is very

9   young and a discovery order has yet to issue (the instant motion was defendants' first response to

10  the complaint).  In his opposition brief, plaintiff says he was brutally beaten and left with a

11  swollen foot, bruised forehead, and bruises on his back, ribs and wrist.  ECF No. 26 at 1.  Plaintiff

12  says his medical records will substantiate these injuries.  *Id.*  Plaintiff claims that the video

13  camera was repeatedly shut off during the incident.  *Id.*

14       In sum, the court has before it the competing version of the cell extraction offered by each

15  side as well as the video recording of the extraction.  As to the competing versions of the

16  extraction, it is for a trier of fact to determine which version is more credible.  *Accord Scott*, 2012

17  U.S. Dist. LEXIS 164364, at *25-26.  This is simply not a case where it can be readily determined

18  that plaintiff has no reasonable probability of prevailing on his claim that this admittedly forceful

19  extraction involved a use force that was excessive under the Eighth Amendment.  The video,

20  while compelling, does not entirely favor defendants' version of events.  Notably, the

21  videographer inexplicably recorded his watch rather than plaintiff and the officers for 2 minutes,

22  during which time plaintiff complained of someone pulling at his ribs.  Additionally, the bodies of

23  the officers obscure much of the action at many points during the video.  Plaintiff can be heard to

24  exclaim, "Ah!" while being taken to his knees, which a fact-finder could conclude was a cry from

25  pain.  Plaintiff complains shortly thereafter that his head has been banged and he may have a

26  concussion.  The evidence does not so favor defendants such that the court can conclude that

27  plaintiff has no reasonable probability of prevailing, particularly where discovery has not even

28  begun and thus plaintiff has not had an opportunity to marshal evidence.  Accordingly,

11

1  defendants' request for an order requiring plaintiff to post a security before the case may continue

2  must be denied.

3             **B.  Federal Vexatious Litigant Standard & The Imposition of a Pre-Filing Order**

4         Defendants also request that the court issue an order requiring plaintiff to obtain leave of

5  court before filing any new cases.  This court has inherent power under the All Writs Act, 28

6  U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is

7  "an extreme remedy that should rarely be used."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at

8  1057.  Such orders should be rare because they "can tread on a litigant's due process right of

9  access to the courts."  *Id.*  Prior to issuing such an order, the court must (1) provide plaintiff with

10  an opportunity to be heard; (2) compile an adequate record; (3) make substantive findings about

11  the frivolous or harassing nature of plaintiff's litigation; and (4) narrowly tailor the order to

12  closely fit the specific vice encountered.  *Id.*

13         The federal definition of vexatiousness that plaintiff must fall within for a pre-filing order

14  to issue is much narrower than that provided by the California Code of Civil Procedure.   The

15  court looks to both the number and content of plaintiff's filings to determine whether his claims

16  have been frivolous.  *Id.* at 1059.  For a pre-filing order to issue, plaintiff's claims must not only

17  be numerous but also either patently without merit or containing false factual assertions.  *Id.* at

18  1060-61.

19         The cases noted by defendants and summarized above show only that plaintiff has been

20  litigious and has not exercised diligence in pursuing his cases.  Defendants have not argued that,

21  and have provided no court order determining that the substantive claims raised by plaintiff were

22  patently without merit, contained false factual assertions, or were raised to harass a defendant.

23  *Compare Molski*, 500 F.3d at 1061 (noting that the district court reviewed the allegations in

24  hundreds of cases in determining that plaintiff's "baseless and exaggerated claims of injuries

25  exceeded any legitimacy and were made for the purpose of coercing settlement").  Accordingly,

26  defendants have not shown that plaintiff's litigation history justifies the imposition of a pre-filing

27  order.

28  /////

1    **III. Conclusion and Recommendation**

2          For the reasons provided above, it is hereby ORDERED that hearing on defendants'

3    motion, currently scheduled for May 21, 2014, is VACATED.

4          Further, it is RECOMMENDED that defendants' March 20, 2014 motion to declare

5    plaintiff a vexatious litigant and require a security (ECF No. 22) be denied.

6          These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

12   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13   DATED:  May 15, 2014.

14

15                              EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

13