UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-735-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| M. SWETT, et al., | |
| Defendants. | |

On February 13, 2015, defendants filed a motion for summary judgment on the ground that plaintiff failed to properly exhaust administrative remedies prior to filing suit. ECF No. 37. Defendants noticed the hearing on their motion for March 18, 2015. *Id.* After plaintiff failed to timely respond to the motion, the court ordered plaintiff to show cause why he should not be sanctioned. ECF No. 38. Before that order was served on plaintiff, he requested an extension of time to oppose the motion. ECF No. 39. Thereafter, plaintiff filed a response to the order to show cause. ECF No. 40.

Plaintiff seeks a 60-day extension of time to respond to defendants' motion on the grounds that his disability and medications interfere with his ability to prepare an opposition, he is low-income, unskilled in the law, and because he is busy with school and other cases he is litigating pro se. Plaintiff's request for a 60-day extension of time is dated March 5, 2015. ECF No. 39 at 6. A 60-day extension of time results in a May 4, 2015 filing deadline. Plaintiff's request for an

1

extension of time is granted.[1]  Plaintiff is cautioned, however, that the court is not inclined to extend this time any further.  Plaintiff demonstrates through his request for an extension of time and his response to the order to show cause that, despite his circumstances, he is capable of responding to defendants' motion within the time provided, as each of those filings includes substantive arguments that are responsive to defendants' motion for summary judgment.

Plaintiff also requests the appointment of counsel.  District courts lack authority to require counsel to represent indigent plaintiffs in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion for summary judgment is continued to May 20, 2015 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than May 4, 2015.  Failure of plaintiff to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

3. Defendants may file a reply to plaintiff's opposition, if any, on or before May 11, 2015.

/////

---

[1] In light of plaintiff's request for an extension of time, the order to show cause is discharged.

2

4. The March 11, 2015 order to show cause (ECF No. 38) is discharged.

5. The Clerk of the Court shall terminate docket entry number 39.

DATED: April 2, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE