UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-735-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. SWETT, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After defendants failed to either oppose or file a statement of non-opposition to plaintiff's requests for an extension of time to serve his responses to defendants' discovery requests, *see* ECF Nos. 36, 46, the court issued a minute order directing defendants to file a response. ECF No. 49. Defendants' response fails to indicate whether they oppose plaintiff's request. ECF No. 51. The response does state that "Defendants are willing to stipulate to an additional thirty days for Plaintiff to serve discovery requests regarding the May 6, 2009 cell extraction," ECF No. 51 at 2, but does not state whether they oppose plaintiff's request for more time to answer their discovery requests. Instead, defendants' response and supporting declarations focus on plaintiff's assertion that he must first obtain various documents before he can respond to defendants' discovery requests. *See* ECF No. 51. at 4 ("Plaintiff appears to be attempting to gather evidence from his central file in order to obtain information about his pending litigations as well as respond to Defendants' discovery requests in this case. Aside from

1

1  his assertions that he has followed up with various prisons regarding his central file, Plaintiff has
2  served no requests for production on Defendants to seek any of the above information.").[1]  The
3  court construes defendants' response as a statement of non-opposition to plaintiff's request for an
4  extension of time and grants plaintiff an additional ninety days within which to respond to
5  defendants' discovery requests.
6      To the extent plaintiff's request also seeks the court's assistance in locating documents,
7  that request is denied without prejudice.  Any motion to compel defendants to respond to
8  discovery requests by plaintiff is premature.  As defendants note in their response, plaintiff has
9  not served any discovery requests which would trigger an obligation of defendants to respond.
10 Defendants have indicated a willingness to stipulate to an additional thirty days for plaintiff to
11 serve discovery requests seeking information regarding the May 6, 2009 cell extraction at issue in
12 this case.  If plaintiff timely serves a discovery response to which defendants fail to properly
13 respond, plaintiff may then file a motion to compel.
14     Accordingly, IT IS HEREBY ORDERED that:
15     1. Plaintiff's requests for an extension of time to serve his responses to defendants'
16 discovery requests (ECF Nos. 36, 46) are granted to the extent that plaintiff shall serve defendants
17 with his responses no later than ninety days from the date of this order.
18     2. The deadline for serving requests for written discovery is modified to the extent that
19 plaintiff may serve defendants with requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34,
20 or 36 no later than thirty days from the date of this order.  Any motions necessary to compel
21 discovery shall be filed within 120 days from the date of this order.
22 DATED: July 2, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The central file to which defendants refer is, of course, controlled by the California Department of Corrections and Rehabilitation, not plaintiff.  *See, e.g. Hill v Gonzalez*, 2015 WL 1657781, *5 (E.D. Cal., 2015); *Asberry v. Cate,* 2014 WL 2521882, *3 (E.D. Cal., 2014) (noting ability of Attorney General's office to obtain an inmate's records for purposes of defending litigation).

2