UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. SWETT, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-735-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He alleges that defendants Carpenter, Miranda, Perry, Roth, and Swett used excessive force in violation of the Eighth Amendment when they extracted him from his cell and forcibly medicated him on May 6, 2009.  Defendants move for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.  ECF No. 37.  Plaintiff opposes defendants' motion and defendants have filed a reply.  ECF Nos. 42, 47.  For the following reasons, defendants' motion must be denied.

**I.     Exhaustion under the PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government

1

officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information

2

> provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing

3

party to present specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

/////

1    Second, the dispute must be genuine. In determining whether a factual dispute is genuine
2 the court must again focus on which party bears the burden of proof on the factual issue in
3 question. Where the party opposing summary judgment would bear the burden of proof at trial on
4 the factual issue in dispute, that party must produce evidence sufficient to support its factual
5 claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.
6 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit
7 or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue
8 for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to
9 demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such
10 that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,
11 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

12    The court does not determine witness credibility. It believes the opposing party's
13 evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;
14 *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the
15 proponent must adduce evidence of a factual predicate from which to draw inferences. *American
16 Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,
17 dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at
18 issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th
19 Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier
20 of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475
21 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any
22 reasonable inferences that might be drawn from it could not support a judgment in favor of the
23 opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any
24 genuine dispute over an issue that is determinative of the outcome of the case.

25    Defendants' motion included notice to plaintiff informing him of the requirements for
26 opposing a motion for summary judgment, including the warning that if plaintiff failed to submit
27 evidence in opposition, his case could be dismissed and there would be no trial. *See Woods v.
28 Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012);

5

1  *see also Albino*, 747 F.3d at 1166 (providing that a motion for summary judgment, and not a
2  motion to dismiss, is the proper means of asserting the defense of failure to exhaust, where
3  evidence extrinsic to the complaint is submitted).

**III.   Discussion**

Plaintiff filed the instant action on April 15, 2013.  ECF No. 1.  Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding his excessive force claims prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Defendants concede that on June 9, 2009, plaintiff filed an administrative appeal regarding the May 6, 2009 cell extraction, and that the appeal was denied on the merits at the Third Level on May 5, 2010.  ECF No. 37-1 at 2; *see also* ECF No. 37-7, Ex. B.  Because plaintiff's appeal was addressed on the merits at the final level of review prior to commencing this action, he appears to have exhausted his administrative remedies.  *See Woodford*, 548 U.S. at 90 ("proper exhaustion . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)"); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue").

Although defendants themselves describe plaintiff's appeal as being "exhausted" (ECF No. 37-1 at 6 ("Plaintiff's exhausted appeal, Log No. SAC-09-00961, mentions the May 6 cell extraction …"), they argue that it was not submitted until June 9, and not within fifteen working days of the incident as required by a then-existing CDCR regulation.  *Id.*  Thus, they argue, they are entitled to summary judgment.  Citing to a case involving exhaustion under the Equal Employment Opportunity Commission regulations, they maintain that government agencies do not waive a defense of untimely exhaustion merely by accepting and investigating an administrative complaint.  ECF No. 37-1 at 6 (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985)).  They also cite to a district court decision that applied this reasoning to exhaustion under the PLRA.  *Id.* at 6-7 (citing *Cruz v. Tilton*, No. 1:06-cv-883-DLB, 2009 U.S. Dist. LEXIS 89607 (E.D. Cal. Sept. 23, 2009)).  However, numerous district courts have rejected

6

the argument. *See, e.g., Gonzalez v. Adams*, No. 1:09-cv-1284-AWI-SKO, 2013 U.S. Dist. LEXIS 23302 (E.D. Cal. Feb. 19, 2013), *adopted by* (E.D. Cal. Sept. 25, 2013) ("Defendants have submitted no authority for the proposition that prison officials lack the discretion to accept untimely appeals or that an untimely appeal cannot satisfy the exhaustion requirement, regardless of its acceptance and processing through the levels of appeal. . . . Thus, the issue is confined to whether the appeal sufficed to exhaust Plaintiff's retaliation claims."); *Wride v. Fresno County*, 1:05-cv-486-AWI-SKO, 2012 U.S. Dist. LEXIS 85743, at *9 (E.D. Cal. June 19, 2012), *adopted by* 2012 U.S. Dist. LEXIS 102139 (E.D. Cal. July 20, 2012) ("By accepting the grievances for review and issuing decisions on their merits at each level of review, Defendants cannot now claim that Plaintiff failed to exhaust the grievance process provided by the jail."); *Cota v. Scribner*, No, 09cv-2507-BEN, 2010 U.S. Dist. LEXIS 129687, at *18 (S.D. Cal. Nov. 10, 2010), *adopted by* 2010 U.S. Dist. LEXIS 129673 (S.D. Cal. Dec. 7, 2010) (where prison officials reviewed untimely grievance and decided it on the merits, defendants had not shown that plaintiff failed to exhaust his administrative remedies); *Mennick v. Smith*, No.08-cv161-S-BLW, 2009 U.S. Dist. LEXIS 52489, at *5 (D. Idaho June 20, 2009) ("Defendants cannot rely on their mistake in processing the appeal as a way to foreclose Plaintiff's right to bring a civil rights suit."); *McCarter v. Cal. Dep't of Corr. & Rehab.*, No.08-cv-257-VAP, 2009 U.S. Dist. LEXIS 74573, at *20-24 (C.D. Cal. June 3, 2009), *adopted by* 2009 U.S. Dist. LEXIS 60109 (C.D. Cal. July 9, 2009) (assuming plaintiff's grievance was untimely, he still "properly exhausted" because grievance was addressed on the merits and appealed through all the levels of review); *Holcomb v. Dir. of Corr.*, No. C-03-2765-RMW, 2006 U.S. Dist. LEXIS 85683 (N.D. Cal. Nov. 3, 2006) (rejecting argument "that any procedural defect in an appeal, such as untimeliness, results in improper exhaustion"). The undersigned joins the analysis of the latter cases in concluding that *Boyd* is inapposite here.

The Supreme Court's decision in *Woodford* is instructive. *Woodford* noted that the purpose of exhaustion under the PLRA is to afford prison officials the time and opportunity to address complaints internally before allowing the initiation of a federal case. 548 U.S. at 93. It required "proper" exhaustion as a means of furthering that goal. *See id.* at 95 ("The benefits of

exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). In this case, the prison took the opportunity to address plaintiff's complaint internally through the appeals process. Under a then-existing regulation, the prison's appeals coordinator had the discretion to accept plaintiff's appeal, even if it was untimely. *See* Cal Code Regs. tit. 15, § 3084.3(c)(6) (2009) (appeal "*may* be rejected . . . [if] [t]ime limits for submitting the appeal are exceeded . . . ."). In electing to consider plaintiff's appeal, the prison reviewed and decided it on the merits. This served the purpose underlying the exhaustion requirement. The court finds no basis for deeming plaintiff's pursuit of available administrative remedies unexhausted. Defendants therefore fail to meet their initial burden on summary judgment, and their motion must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 37) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE