UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-0735-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. SWETT, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that on May 6, 2009, defendants Swett, Miranda, Carpenter, Perry, and Roth used excessive force in violation of the Eighth Amendment. ECF Nos. 1, 8. Pending before the court is defendants' unopposed motion to compel discovery responses, plaintiff's request for service of a subpoena by the United States Marshal, and plaintiff's request for appointment of counsel. ECF Nos. 69, 74. For the reasons stated below, defendants' motion is granted and plaintiff's motions are denied.

**I.   Defendants' Motion to Compel**

In their motion to compel, defendants argue that plaintiff improperly objected to or failed to respond to their requests for production of documents (RFPs).

Defendant Swett's RFP No. 1 asked plaintiff to produce all statements obtained from any witness to the May 6, 2009 incident, regardless of the author. Plaintiff objected because he did

1

1  not want to "compromise my witness. They are still in prison and I haven't been able to contact
2  them." ECF No. 69-1 ("Rhoan Decl.") at Ex. B at No. 1. To the remainder of defendant Swett's
3  RFPs, plaintiff simply responded with: "Objection UN feasible at this time." *Id.* at Ex. B at Nos.
4  2, 4-5, 7, 9, 11. Plaintiff did not respond to any other defendants' RFPs. *Id.* at ¶ 11.

5  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the scope of discovery
6  includes "any nonprivileged matter that is relevant to any party's claim or defense and
7  proportional to the needs of the case, considering the importance of the issues at stake in the
8  action, the amount in controversy, the parties' relative access to relevant information, the parties'
9  resources, the importance of the discovery in resolving the issues, and whether the burden or
10 expense of the proposed discovery outweighs its likely benefit." "The question of relevancy
11 should be construed 'liberally and with common sense' and discovery should be allowed unless
12 the information sought has no conceivable bearing on the case." *Ibanez v. Miller*, No. Civ. S-06-
13 2668-JAM-EFB P, 2009 U.S. Dist. LEXIS 98394 at *5 (E.D. Cal. Oct. 22, 2009) (quoting *Soto v.
14 City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). If a party refuses to permit inspection of
15 documents as requested under Rule 34, the discovering party may move for an order compelling
16 an answer. Fed. R. Civ. P. 37(a)(3)(B)(iv).

17 On December 4, 2015, after plaintiff failed to respond to defendants' motion to compel,
18 the court *sua sponte* granted him a 21-day extension of time and warned him that failure to
19 oppose the motion could be deemed a waiver to the granting of the motion. ECF No. 70. The
20 time for acting has passed and plaintiff has not filed an opposition to the motion to compel.
21 Instead, plaintiff filed objections to and sought reconsideration of the December 4, 2015 order
22 granting him an extension of time. *See* ECF Nos. 71, 73. In those filings, plaintiff attempts to
23 justify his failure to produce responsive documents because they are not in his possession,
24 custody, or control. *See, e.g.,* ECF No. 71 at 2 & 6 (explaining his failed efforts to subpoena
25 documents from California State Prison, Sacramento and that he "continue[s] to seek these
26 documents in question").

27 Defendants' RFPs seek responsive documents that are relevant to plaintiff's claims and
28 injuries, or would otherwise aid in their defense of this case. Apart from plaintiff's deficient

response to defendant Swett's RFP No. 1, plaintiff either failed to respond entirely or responded with a boilerplate "unfeasible" objection. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). A party to a lawsuit is obligated to participate in the discovery process and respond to written discovery propounded on him. As the opposing party, plaintiff bears the burden of resisting discovery. *See Benyamini v. Blackburn*, No. 2:13-cv-00205-MCE-AC-P, 2014 U.S. Dist. LEXIS 135845, at *5 (E.D. Cal. Sept. 24, 2014) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Plaintiff has not met his burden. Therefore, the court will grant defendants' motion and order plaintiff to respond to their RFPs. If plaintiff cannot produce responsive documents because they are not in his possession, custody, or control, he may say so in his response.

**II.     Plaintiff's Motion for Service of Subpoena**

On February 11, 2016, plaintiff filed a "Motion Seeking Court Intervention for Service of Subpoena upon New Folsom State Prison Litigation Department." ECF No. 74. Attached to the motion is a subpoena directed to the "New Folsom (SP) Litigation Dept.," which requests "every document" in plaintiff's central file from 2002 to 2016, including documents regarding complaints against "officers," "Lt. wardens," and "confidential witnesses." ECF No. 74 at 5. The subpoena does not state a time and place to produce these documents, but requests production "A.S.A.P." *Id.*

Before issuing a subpoena, the court must ensure that the party serving it takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). If plaintiff moves to have the U.S. Marshal serve a subpoena, he must first show that the documents he requests are not equally available to him and are not obtainable from defendant through a properly served request for production. *See* Fed. R. Civ. P. 34. If plaintiff can make this showing, then he must submit to the court a completed subpoena form. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place, and manner for production. Plaintiff must also explain

/////

1    the relevance of the information sought and describe the burden and expense to the non-party in
2    providing the requested information.

3    Plaintiff's requested discovery seeks information that is overly broad, potentially
4    privileged, irrelevant, and disproportional to the needs of this case.  Moreover, plaintiff has not
5    shown that he could not obtain the documents from defendant through a properly served request
6    for production.  The subpoena is also defective because it fails to specify a time and place for the
7    production of documents.  Accordingly, the court will not order service of the subpoena by the
8    United States Marshal.

9    In addition, ordering service of the subpoena would require further modification of the
10   discovery deadline in this case.  *Medimmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF
11   (HRL), 2010 U.S. Dist. LEXIS 39410, at *5 (N.D. Cal. Apr. 1, 2010) ("Fed. R. Civ. P. 45
12   subpoenas constitute pretrial discovery that must be served within the specified discovery
13   period.").  Pursuant to the court's original discovery and scheduling order, the deadline for
14   completing discovery was August 3, 2015.  ECF No. 35 at 4.  On July 6, 2015, the court extended
15   the discovery deadline to October 30, 2015, for the express purpose of providing plaintiff with
16   additional time to respond to and propound discovery requests.  ECF Nos. 52, 56.  Plaintiff filed
17   the instant motion over three months after the extended period of discovery came to a close.  He
18   has not moved to modify the schedule or otherwise demonstrated the requisite good cause.  *See*
19   Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)
20   (good cause exists when the moving party demonstrates he cannot meet the deadline despite
21   exercising due diligence).

22   For these reasons, plaintiff's "Motion Seeking Court Intervention for Service of Subpoena
23   upon New Folsom State Prison Litigation Department" is denied.

24   **III.    Plaintiff's Motion for Appointment of Counsel**

25   Plaintiff requests that the court appoint counsel.  *See* ECF No. 74.  District courts lack
26   authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*
27   *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may
28   request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1);

4

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 69) is granted as follows:
   a. Plaintiff shall, within 30 days of the date of this order, serve his responses to defendant Swett's RFP Nos. 1, 2, 4, 5, 7, 9, 11 and defendants Carpenter, Miranda, Perry, and Roth's RFP Nos. 1-2.
   b. Failure to serve full and complete responses may result in sanctions, including the dismissal of this action for plaintiff's failure to follow court orders and prosecute his case.
   c. If defendants receive no response or an inadequate response to their RFPs, they may file a motion to compel within 14 days of the date the discovery responses are due.
   d. Any dispositive motions shall be filed within 90 days of the date of this order.
2. Plaintiff's motion for service of a subpoena (ECF No. 74) is denied.
3. Plaintiff's motion for appointment of counsel (ECF No. 74) is denied.

DATED: May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5