UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>  Plaintiff,<br><br> v.<br><br>M. SWETT, et al.,<br><br>  Defendants. | No. 2:13-cv-0735-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that on May 6, 2009, defendants Swett, Miranda, Carpenter, Perry, and Roth used excessive force in violation of the Eighth Amendment. ECF Nos. 1, 8. Pending before the court is defendants' motion to compel and request for terminating sanctions. ECF No. 82. For the reasons stated below, defendants' request for terminating sanctions should be granted.

**I.   Background**

Defendants initially served plaintiff with their requests for production of documents on December 31, 2014. ECF No. 69-1, ¶ 2. After plaintiff requested several extensions of time, defendants received plaintiff's responses nearly one year later, on October 28, 2015. *Id.* ¶ 9. But plaintiff's responses consisted of mere objections. *Id.* ¶¶ 9-11, Ex. B. Defendants responded with a motion to compel appropriate substantive responses. ECF No. 69. Despite an order extending plaintiff's time for responding to the motion and warning him that his failure to so respond could result in a recommendation of dismissal, plaintiff again failed to respond. ECF No. 70.

In the May 18, 2016 order granting the motion to compel, the court instructed plaintiff that he is "obligated to participate in the discovery process and respond to written discovery propounded on him." ECF No. 80 at 3. The court informed plaintiff that if he could not "produce responsive documents because they are not in his possession, custody, or control, he may say so in his response." *Id.* Plaintiff was ordered to properly respond to the discovery requests and was cautioned that "[f]ailure to serve full and complete responses may result in sanctions, including the dismissal of this action for plaintiff's failure to follow court orders and prosecute his case." *Id.* at 5.

Throughout this action, the court has repeatedly warned plaintiff that his failure to comply with court orders, the Local Rules, or the Federal Rules of Civil Procedure, could result in the imposition of terminating sanctions. *See, e.g.,* ECF No. 12, 25, 38, 70.

**II.     Legal Standards**

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery," the court may issue appropriate sanctions, including establishing facts as proven, striking pleadings, dismissal, rendering a default judgment against the disobedient party, or finding a party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Rule 41(b) also provides the court with the discretion to dismiss an action if the plaintiff fails to prosecute his action or to comply with the Rules or court orders. Fed. R. Civ. P. 41(b); *See also* E.D. Cal., Local Rules 110, 183(a).

A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Warning a plaintiff that his failure to obey a court order may result in dismissal is considered to be a less drastic alternative sanction. *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 & n.1 (9th Cir. Cal. 1987).

/////

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

### III. Discussion

The court's May 18, 2016 order determined that defendants' requests for production of documents ("RFPs") seek documents that are relevant to plaintiff's claims and injuries. ECF No. 80 at 2.

Defendant Swett's RFP No. 1 seeks plaintiff's witness statements. Despite the court's prior ruling as to relevance, plaintiff insists that defendants "only have a right to ask how many witnesses are involved in this action." ECF No. 82-2, Ex. A at 2; ECF No. 86 at 4. And although the court's May 18, 2016 order informed plaintiff that his response of not wanting to "compromise his witnesses" was inadequate, ECF No. 80 at 1-3, plaintiff maintains this vague and unsupported objection in his response to the RFP and in his opposition to the instant motion. ECF No. 82-2, Ex. A at 1 ("At this time plaintiff will not provide documentation and form a declaration or otherwise of his witnesses in fear his witness will be compromised and or his witness had a change of heart."); ECF No. 86 at 3. Plaintiff did not produce any responsive documents, deny that responsive documents exist, or claim to not be in possession, custody, or control of responsive documents. His response demonstrates his unwillingness to comply with court orders and to participate, in good faith, in the discovery process.

Defendant Swett's RFP Nos. 2 and 11 seek plaintiff's personal diary entries regarding the May 6, 2009 cell extraction at issue in this case. Once again, ignoring the court's prior ruling as to relevance, plaintiff objects to the plainly pertinent and narrowly tailored requests as

3

1  "irrelevant." ECF No. 82-2, Ex. A at 2.  Plaintiff also objects to the request as an "invasion of
2  privacy" but makes no attempt to explain the basis of this objection. *Id.* at 2-3.  More troubling
3  about plaintiff's response is his representation that he "cannot provide such documents [because]
4  his property was stripped of him" while he was incarcerated. *Id.*  Plaintiff, however, is no longer
5  incarcerated and he admitted to possessing his journal as recently as March 2015. *See* ECF No.
6  82-3 at 83-85 (explaining that he has "stashed" his journal, which documents "every single day"
7  since 2002, "so nobody steals it").  Plaintiff's claimed inability to produce his diary on the
8  grounds that it was confiscated in prison, therefore, suggests bad faith and exposes plaintiff's
9  unwillingness to fairly cooperate in the discovery process.

10      Defendant Swett's RFP Nos. 7 and 9 seek documents regarding plaintiff's alleged "pain,"
11 "suffering," and "expenses," and defendants Carpenter, Miranda, Perry, and Roth's RFP No. 1
12 seeks documents related to plaintiff's injuries.  Notwithstanding the court's prior ruling and the
13 facial relevance of the RFPs to plaintiff's claims and injuries, ECF No. 80 at 2,[1] plaintiff again
14 objected as "irrelevant" and refused to produce responsive documents or state whether any
15 documents exist.  ECF No. 82-2 at 6, 7-8, 10-11.  With respect to plaintiff's injuries in particular,
16 plaintiff admits that he "[is] refusing to provide any more documentation based on injuries he
17 received during the attack prior to trial . . . ." ECF No. 86 at 9.

18     As noted, the court already found that these discovery requests appropriately seek relevant
19 evidence.  For that reason plaintiff was specifically ordered to provide defendants with adequate
20 responses or risk dismissal for failure to comply with court orders and for failure to prosecute. *Id.*
21 at 5.  He has failed to do so and his statements confirm his refusal to comply with the court's May
22 18, 2016 order or to meaningfully fulfill his discovery obligations.

23     Plaintiff has had nearly two years to locate and fully respond to defendants' RFPs.  He has
24 not shown any due diligence in attempting to locate responsive documents, and the responses
25 provided are inadequate, and at times, incoherent.  Plaintiff's failure to properly respond to the
26 RFPs interferes with defendants' ability to determine the nature and basis of plaintiff's claims, to

---

[1] Indeed, defendants are entitled to know what medical care plaintiff has received since his release from prison that bear on the injuries he alleges occurred on May 6, 2009.

further investigate plaintiff's allegations through additional discovery, and to make informed decisions in this case. Plaintiff's conduct has delayed the case, demonstrates bad faith, and interferes with defendants' ability to defend. Thus, the first three factors weigh in favor of dismissal. *See Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions"); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). The fifth factor also weighs in favor of dismissal, given the absence of available less drastic sanctions. The court's May 18, 2016 warning of dismissal was plainly ineffective, monetary sanctions are futile given plaintiff's indigent status, and evidentiary sanctions against plaintiff in this instance is tantamount to dismissal. Having considered the relevant factors, the court finds that dismissal of this action is the appropriate sanction.

Accordingly, it is hereby RECOMMENDED that defendants' motion to compel and request for terminating sanctions (ECF No. 82) be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE