1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT BENYAMINI,                          No.  2:13-cv-0735-KJM-EFB P

12                    Plaintiff,

13           v.                                   ORDER

14    M. SWETT, et al.,

15                    Defendants.

16

17           Plaintiff is a former state prisoner proceeding without counsel in an action brought under

18    42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28

19    U.S.C. § 636(b)(1)(B) and Local Rule 302.

20           On January 17, 2017, the magistrate judge filed findings and recommendations, which

21    were served on all parties and which contained notice to all parties that any objections to the

22    findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

23    objections to the findings and recommendations and defendants have filed a response thereto.

24           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a *de novo* review of this case.  Having reviewed the file, the court adopts the

26    magistrate judge's findings but declines to adopt at this time the recommendation that the action

27    be dismissed.

28    /////

1

1    This action is proceeding on Eighth Amendment claims raised in plaintiff's original

2    complaint, filed April 15, 2013.  ECF No. 1.  The allegations supporting the claims have been

3    described by the magistrate judge as follows:

> [Plaintiff] alleges that, on May 6, 2009, defendant correctional
> officers subjected him to excessive force in violation of the
> Constitution when they forcefully removed him from his cell,
> restrained his hands and feet, and injected him with a psychiatric
> medication that had been ordered but to which plaintiff was
> allergic.  [ECF No. 1] at 11-12.  Plaintiff alleges that defendant
> Roth orchestrated the cell extraction.  *Id*. at 12.  Some of the
> defendants slammed plaintiff down and banged his cranium against
> the concrete floor.  *Id*.  Defendant Swett stomped hard on plaintiff's
> bare feet with his boot.  *Id*.  Defendant Miranda stepped on
> plaintiff's neck.  *Id*.  Defendant Carpenter banged plaintiff's head.
> *Id*.  Defendant Perry observed, but did nothing.  *Id*.

11   ECF No. 28 at 1-2.

12    On October 30, 2015, defendants filed a motion to compel responses to discovery and to

13   modify the scheduling order.  ECF No. 69.  By order filed May 18, 2016, the magistrate judge

14   granted the motion and ordered plaintiff to serve responses to several discovery requests.  ECF

15   No. 80 at 5.[1]  On June 30, 2016, defendants filed the motion to compel and request for

16   terminating sanctions, ECF No. 82, that resulted in the findings and recommendations now before

17   the court.  Relying on seven categories of information they seek, defendants contend plaintiff has

18   failed to respond adequately, sometimes at all, as required by the May 18, 2016 order.  *See* ECF

19   No. 82-1 at 3-9.  The information includes:  (1) statements from plaintiff's witnesses; (2)

20   plaintiff's personal diary entries about the May 6, 2009 incident; (3) petitions for writ of habeas

---

[1] The magistrate judge deemed the motion unopposed.  ECF No. 80 at 1.  The record shows that
on December 4, 2015, the magistrate judge ordered plaintiff to file, within twenty-one days, either
an opposition to defendants' motion to compel or a statement of non-opposition.  ECF No. 70.
Plaintiff filed a document styled as objections to that order, ECF No. 71, and a document styled
as a motion to amend the latter document.  ECF No. 73. The magistrate judge considered these
two documents, characterizing them as objections to, and a request for reconsideration of, the
December 4, 2015 order.  The substance of the documents suggests to this court that plaintiff was
attempting to oppose at least some of the arguments raised in the motion to compel; his
contentions concerning unsuccessful efforts to obtain his medical records from California State
Prison-Sacramento were raised in those documents and are raised again in plaintiff's objections to
the findings and recommendations currently before the court.  *See* ECF No. 80 at 2; ECF No. 89
at 10.

2

1    corpus regarding the cell extraction or a clear statement that he did not seek habeas corpus relief;

2    (4) plaintiff's failure to make a reasonable inquiry to determine if there are documents other than

3    the video of the incident which would show racial motivation; (5) documents regarding past and

4    future pain and suffering; (6) documents concerning future and present expenses; and (7)

5    documents related to injuries sustained as a result of each defendant's action and documents that

6    support plaintiff's claim that each individual defendant's conduct was racially motivated. *Id*.

7        The magistrate judge recommends defendants' motion be granted and recommends that

8    this action be dismissed as a sanction for plaintiff's failure to comply with May 18, 2016 order or

9    to "meaningfully fulfill his discovery obligations."  ECF No. 88 at 4.  The magistrate judge

10    addresses plaintiff's failure to respond to the request for (1) statements from plaintiff's witnesses;

11    (2) plaintiff's personal diary entries about the May 6, 2009 incident; (3) documents regarding past

12    and future pain and suffering; and (4) documents related to injuries sustained as a result of each

13    defendant's action. *Id*. at 3-4.  The findings and recommendations do not address the remaining

14    three categories described above.  In recommending dismissal as a sanction, the magistrate judge

15    finds unavailable less drastic sanctions and, in particular, that "evidentiary sanctions against

16    plaintiff in this instance is tantamount to dismissal." *Id*. at 5.

17        Plaintiff interposes several specific objections to the findings and recommendations.

18    After review of the record, the court agrees with the magistrate judge's findings concerning the

19    inadequacy of plaintiff's discovery responses.  The court concludes, however, that evidentiary

20    sanctions with respect to the four categories discussed by the magistrate judge are an appropriate

21    and available alternative sanction that must be imposed instead of dismissal at this time.

22        The record shows that defendants have plaintiff's prison medical records, *see* ECF No. 82-

23    1 at 6, and therefore have information about the nature of any alleged injuries identified by prison

24    medical staff at the time of the alleged incident and any sequelae to those injuries of which

25    plaintiff complained, or for which he was treated, while he was incarcerated.  Plaintiff can, and

26    will, be subject to an order precluding him from offering any evidence of post-incarceration

27    medical treatment for his alleged injuries.  Similarly, plaintiff can, and will, be subject to an order

28    precluding him from offering evidence of "past or future expenses" resulting from the incident, if

any.  Additionally, sanctions will be imposed for plaintiff's failure to make a reasonable inquiry to determine whether there is other evidence that would support his claim of racial motivation in the form of an order precluding plaintiff from offering any evidence that the acts or omissions of any defendant was racially motivated, other than the video already provided.   Finally, plaintiff can, and will, be precluded from offering witness statements, other than his own, or calling witnesses at trial, and from offering any diary entries made concerning the May 6, 2009 incident. This preclusion order does not require dismissal of plaintiff's claims, because plaintiff's own testimony would still be available for his case in chief if the case proceeds further.

Finally, the court also concludes that plaintiff's response to defendants' request for production of any petitions for writ of habeas corpus plaintiff may have filed concerning the May 6, 2009 incident is sufficient.  Plaintiff objected to the request as irrelevant, but also responded that he "could not file any Habeas Corpus is [sic] as he was denied his constitutional right and wishes to access the library and the courts."  ECF No. 82-2 at 7.  Although the rest of plaintiff's response to this request is less focused, the court finds plaintiff has adequately responded that he did not file any petition for writ of habeas corpus concerning this incident.

This court "'''abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanction.'''" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Service*, 833 F.3d 128, 132-33 (9th Cir. 1987) (internal citation omitted)).  The court agrees with the magistrate judge's finding that plaintiff failed to comply in large part with the May 18, 2016 order, and that failure to comply with court orders can warrant the sanction of dismissal.  Given that evidence preclusion is an available sanction that would not equate with dismissal of the action, the court will not dismiss this action at this time.

In their motion, defendants request additional time to depose plaintiff before filing a dispositive motion.  Good cause appearing, that request will be granted and defendants will be granted thirty days from the date of this order in which to notice plaintiff's deposition.  Plaintiff shall appear at, and cooperate fully in, a deposition noticed as authorized by this order.  Plaintiff is further informed that his failure to appear at, or to cooperate fully in, his deposition will result

in the dismissal of this action.  Because this court is issuing this order, any motion based on plaintiff's alleged failure to cooperate in his deposition should be made to this court, which will retain jurisdiction over this matter until after plaintiff's deposition is completed or any motion based on plaintiff's alleged failure to cooperate in his deposition is resolved.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings filed January 17, 2017, are adopted to the extent consistent with this order;

2.  Defendants' motion to compel and request for terminating sanctions (ECF No. 82) is denied without prejudice;

3.  Defendants are granted thirty days from the date of this order in which to notice plaintiff's deposition;

4.   Plaintiff shall appear at, and cooperate fully in, a deposition noticed as authorized by this order;

5.  Plaintiff is informed that his failure to appear at, or to cooperate fully in, his deposition will result in the dismissal of this action;

6.  Plaintiff is precluded from offering the following in connection with any motion for summary judgment or opposition to a defense motion for summary judgment, or at any trial of this action:

a.  Any evidence of post-incarceration medical treatment for his alleged injuries;

b.  Any evidence of "past or future expenses" resulting from the incident, if any;

c.  Any evidence that the acts or omissions of any defendant was racially motivated, other than the video already provided;

d.   Any witness statements, other than plaintiff's own statement, or witnesses at trial, other than plaintiff; and

e.  Any personal diary entries made concerning the May 6, 2009 incident; and

/////

/////

/////

5

1       7.  This court retains jurisdiction over this matter until after plaintiff's deposition is

2   completed or any motion based on plaintiff's alleged failure to cooperate in his deposition is

3   resolved.

4   DATED:  March 30, 2017.

_____
UNITED STATES DISTRICT JUDGE

6