UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

    Plaintiff,

v.

M. SWETT, et al.,

    Defendants.

No. 2:13-cv-735-KJM-EFB P

ORDER

Plaintiff, proceeding without counsel, brings this action pursuant to 42 U.S.C. § 1983.[1] On October 13, 2017, defendants filed a motion for summary judgment. ECF No. 98. Plaintiff did not file an opposition thereto within the deadline and, on November 9, 2017, the court directed plaintiff to file his opposition within twenty-one days. ECF No. 103. He was warned that his failure to do so might result in dismissal of this case. *Id.* at 2. On December 13, 2017, after plaintiff had failed to comply with the aforementioned order, the court recommended that this action be dismissed for failure to prosecute. ECF No. 105. More than two months later, on March 23, 2018, plaintiff filed an opposition. ECF No. 108. Defendants have filed a motion to strike that filing. ECF No. 109. They also request, in the event their motion to strike is denied, that the court afford them a fourteen day extension of time to file a reply to plaintiff's opposition. *Id.* at 1.

---

[1] Although the allegations pertain to events which occurred at New Folsom State Prison, plaintiff is no longer a state prisoner.

1

In light of the above, the court: (1) vacates the recommendation that this case be dismissed for failure to prosecute; (2) denies defendants' motion to strike; and (3) directs defendants to file their reply to plaintiff's opposition within fourteen days from the date this order is filed.

There is no question, in light of the foregoing background, that plaintiff's opposition is untimely. Defendants' arguments on this point are recognized and well-taken. Nevertheless, the court must weigh plaintiff's obvious failure to adhere to this court's deadlines against the Ninth Circuit's position that "a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Given that the opposition *has* been filed and defendants' reply is presumably imminent, it appears that the court will soon have the opportunity to consider the merits of defendants' motion for summary judgment. The court elects to do so, noting that defendants have not identified any specific prejudice that will befall them if their motion to strike is denied.[2]

It is THEREFORE ORDERED that:

1. The December 13, 2017 findings and recommendations (ECF No. 105) are VACATED;

2. Defendants' motion to strike (ECF No. 109) is DENIED; and

3. Defendants shall file their reply (if any) to plaintiff's opposition (ECF No. 108) within fourteen days of this order's entry. The motion for summary judgment will then stand submitted.

DATED: April 30, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Nevertheless, plaintiff is cautioned that even pro se litigants must read and comply the court rules and court orders. Future violations of either may result in sanctions, including monetary sanctions or the dismissal of this action.